IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN R. W., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-CV-308-JFJ |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Stephen R. W. seeks judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For the reasons explained below, the Court affirms the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

I.     **General Legal Standards and Standard of Review**

"Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence," such as medical signs and laboratory findings, from an "acceptable medical source," such as a licensed and certified psychologist or licensed physician;

the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment(s)." 20 C.F.R. § 404.1521. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a).  A plaintiff is disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim.  20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process).  To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functioning capacity ("RFC"), whether the impairment prevents the claimant from continuing his past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v).  If a claimant satisfies his burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the national economy.  *Williams*, 844 F.2d at 751.  "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." *Id.* at 750.

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).  Substantial evidence is more than a scintilla but less than a preponderance and is such

2

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Procedural History and the ALJ's Decision

On August 29, 2018, Plaintiff, then a 36-year-old male, applied for Title II disability insurance benefits. R. 13, 152-58. Plaintiff alleges that he has been unable to work since June 17, 2017, due to posttraumatic stress disorder ("PTSD"). R. 152, 179. Plaintiff's claim for benefits was denied initially and on reconsideration. R. 54-82. ALJ Deirdre O. Dexter conducted an administrative hearing and issued a decision on March 3, 2021, denying benefits and finding Plaintiff not disabled. R. 13-28, 32-53. The Appeals Council denied review, and the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. R. 1-6; 20 C.F.R. § 416.1481.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 17, 2017. R. 15. At step two, the ALJ found Plaintiff's bilateral hearing loss, left shoulder impingement syndrome, depressive disorder, and PTSD were severe impairments. *Id.* At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. R. 16-18.

The ALJ then summarized Plaintiff's hearing testimony, the medical source opinion evidence, and the medical evidence in the record. R. 18-26. She found Plaintiff had the residual

3

functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following non-exertional limitations:

> The claimant is frequently able to reach with the left, non-dominant upper extremity. He is able to work in an environment where there is moderate noise, as defined in the Selected Characteristics of Occupations. The claimant is able to understand, remember and perform simple and detailed tasks, consistent with SVP 1 or SVP 2 work. He is able to sustain attention and concentration for up to 2 hours at a time when performing simple, detailed tasks. The claimant is able to sustain the mental demands associated with performing simple, detailed tasks throughout an ordinary workday and workweek. He is able to interact with supervisors as needed to receive work instructions; able to accept respectful supervision and constructive criticism from supervisors; able to work in proximity to co[-]workers but the job should not require close communication or cooperation with co-workers in order to complete work tasks; and the job should not involve interacting with the general public. The claimant is able to adapt to routine changes in a low stress environment; the job should not involve work performed at a rapid, production rate pace.

R. 18. At step four, the ALJ concluded that Plaintiff could not return to his past relevant work. R. 26. Based on the testimony of a vocational expert ("VE"), however, the ALJ concluded at step five that Plaintiff could perform other occupations existing in significant numbers in the national economy, including mailroom clerk, pricer, and routing clerk. R. 27. The ALJ determined the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). *Id.* Accordingly, the ALJ concluded Plaintiff was not disabled. R. 27-28.

### III. Issues

Plaintiff raises two allegations of error on appeal: (1) the ALJ failed to properly consider and account for the medical source opinion of Dr. River Smith, and (2) the ALJ failed to properly evaluate Plaintiff's subjective allegations. ECF No. 17.

### IV. Analysis

#### A. ALJ Properly Evaluated Dr. Smith's Opinion

In a letter dated December 23, 2020, Dr. Smith stated that Plaintiff's PTSD symptoms impact his mood and daily activities. R. 1305. Dr. Smith specified that Plaintiff's excessive

guardedness and hypervigilance lead to persistent irritability, angry outbursts, and difficulty getting along with others, including co-workers and supervisors. *Id.* Dr. Smith further specified that due to emotional dysregulation, it often takes Plaintiff a considerable amount of time to recover from a triggering event or interaction, which can interfere with task completion and concentration. *Id.*

Plaintiff asserts that the ALJ did not incorporate all the limitations Dr. Smith identified into the RFC determination, despite finding Dr. Smith's opinion persuasive. More specifically, Plaintiff asserts the RFC conflicts with Dr. Smith's opinion, because it does not account for Plaintiff's recovery time after triggering events or interactions, irritability, and angry outbursts.

A claimant's RFC is his "*maximum* remaining ability to do sustained work activities in an ordinary work setting" for 8 hours a day, 5 days per week despite his medical impairments and symptoms. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2 (July 2, 1996). In assessing the RFC, the ALJ must "must include a narrative discussion describing how the evidence supports each conclusion" as to the claimant's work-related limitations. *Id.,* at *7. In other words, the ALJ must explain the basis for the limitations included in the RFC assessment with citations to "specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id*. Additionally, the ALJ must "explain how any material inconsistencies or ambiguities in the evidence" of record were considered and resolved. *Id.* Furthermore, if the RFC conflicts with a medical source opinion, the ALJ must "explain why the opinion was not adopted." *Id.*

The ALJ considered and relied on Dr. Smith's December 2020 letter in determining the RFC. R. 23. As part of her analysis, the ALJ specifically noted the following findings from Dr. Smith's letter: (1) Plaintiff's PTSD symptoms lead "to persistent irritability, and angry outbursts, such that the claimant has difficulty getting along with others, including coworkers and supervisors

5

at previous jobs"; and (2) when events or interactions trigger Plaintiff, "it takes considerable time to recover, which can interfere with task completion and concentration." *Id.* The ALJ delineated Dr. Smith's opinion as describing difficulty getting along with coworkers and supervisors, difficulty managing routines, and interference with task completion and concentration, but not precluding the ability to perform the basic mental demands of unskilled work. *Id.* The ALJ then found Dr. Smith's letter persuasive. *Id.* In reaching this conclusion, the ALJ found Dr. Smith supported her letter by documenting Plaintiff's symptoms and objective signs associated with PTSD, such as irritability, anger, intense psychological distress, concentration limits, and difficulty with activities of daily living. R. 23. The ALJ further found Dr. Smith's letter was consistent with her own treatment notes and the other evidence from Plaintiff's treatment through the VA. R. 24.

The Court finds no error in the ALJ's analysis of Dr. Smith's opinion. The ALJ reviewed the evidence of record at length, including Dr. Smith's letter, and her decision demonstrates that she properly considered such evidence in determining Plaintiff's RFC. R. 19-25. The ALJ specifically acknowledged that Plaintiff's PTSD symptoms "lead to persistent irritability, and angry outbursts, such that [he] has difficulty getting along with others, including coworkers and supervisors at previous jobs sites." R. 23. She then accommodated Plaintiff's social difficulties by limiting his interactions with supervisors and coworkers and prohibiting interaction with the general public. R. 18, 23. Likewise, the ALJ acknowledged that Plaintiff needs time to recover from triggering events and interactions. R. 23. The ALJ then accounted for any interference such recovery periods may have on Plaintiff's ability to concentrate or complete tasks by limiting him to unskilled work and by restricting the pace at which he must complete tasks.[1] R. 18. In other

---

[1] According to agency guidance, unskilled work does not require concentration or attention for more than two hours at a time. *See* SSA Program Operations Manual System ("POMS") DI § 25020.010(B)(3) (unskilled work requires claimant to "maintain attention for extended periods of 2-hour segments (concentration is not critical)").

6

words, the ALJ accommodated each of Dr. Smith's statements by providing specific limitations in the RFC based on her findings. Plaintiff fails to explain how the ALJ's significantly restrictive RFC conflicts with Dr. Smith's opinion, and the Court rejects his conclusory argument that a conflict exists. *See, e.g., Bell v. Colvin*, 645 F. App'x 608, 613 (10th Cir. 2016) (rejecting claimant's argument that a medical opinion was not adequately considered because claimant failed to explain how such opinion was inconsistent with the ALJ's RFC assessment). Because Plaintiff points to no evidence the ALJ overlooked, his arguments amount to a request that the Court reweigh the evidence, which it cannot do. *See Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007) ("We review only the *sufficiency* of the evidence, not its weight . . . . Although the evidence may also have supported contrary findings, we may not displace the agency's choice between two fairly conflicting views[.]") (cleaned up).

    **B.**    **ALJ's Consistency Analysis Was Proper**

Plaintiff contends the ALJ erred in evaluating his subjective symptoms. Plaintiff specifically asserts the ALJ did not explain her reasons for discounting Plaintiff's symptoms and did not discuss which symptoms she accepted and which ones she rejected. ECF No. 17 at 14-15.

In evaluating a claimant's symptoms, the ALJ must determine whether the claimant's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record. SSR 16-3p, 2016 WL 1119029, at *7. If they are consistent, then the ALJ "will determine that the individual's symptoms are more likely to reduce his or her capacities to perform work-related activities." *Id.* If they are inconsistent, then the ALJ "will determine that the individual's symptoms are less likely to reduce his or her capacities to perform work-related activities." *Id.* Factors the ALJ should consider when evaluating a claimant's symptoms include the claimant's attempts to find relief and willingness to try any treatment prescribed; a claimant's regular contact with a doctor; the possibility that

7

psychological disorders combine with physical problems; the claimant's daily activities; and the dosage, effectiveness, and side effects of the claimant's medication. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012); *see also* SSR 16-3p at *7 (listing similar factors); 20 C.F.R. § 404.1529(c)(3).[2]

Consistency findings are "peculiarly the province of the finder of fact," and courts should "not upset such determinations when supported by substantial evidence." *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008) (cleaned up). The ALJ's consistency findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id.* The ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the [ALJ] evaluated the individual's symptoms." SSR 16-3p at *10.

The Court finds no error in the ALJ's consistency analysis. The ALJ summarized Plaintiff's administrative hearing testimony in her decision. R. 19. She specifically acknowledged Plaintiff's testimony that he is unable to maintain a time schedule, is unable to focus, and does better at home as opposed to a work environment or working around people. *Id.* The ALJ then found Plaintiff's allegations regarding the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. R. 19, 21. In reaching this conclusion, the ALJ discussed a number of inconsistencies between Plaintiff's subjective allegations and the evidence of record, including: (1) neuropsychological

---

[2] This evaluation, previously termed the "credibility" analysis, is now termed the "consistency" analysis. *See* SSR 16-3p (superseding SSR 96-7p). In practice, there is little substantive difference between a "consistency" and "credibility" analysis. *See Brownrigg v. Berryhill*, 688 F. App'x 542, 545-46 (10th Cir. 2017) (finding that SSR 16-3p was consistent with prior approach taken by Tenth Circuit). Therefore, Tenth Circuit decisions regarding credibility analyses remain persuasive authority.

testing performed in December 2016 documenting a good level of functioning with respect to attention and memory; (2) Plaintiff's July 2017 report to Dr. Smith that he quit his job due to unfavorable work conditions; (3) a September 2017 VA treatment note indicating Plaintiff's PTSD and anxiety were stable; (4) Dr. Smith's June 2020 treatment showing adequate progress and a normal mental status examination; (5) Plaintiff's ability to open up about past trauma with his providers; (6) Plaintiff's highly skilled work history; (7) Plaintiff's ability to raise his 9-year-old son; (8) the recent normal mental status examinations; (9) the effectiveness of medication in treating Plaintiff's symptoms; and (9) Plaintiff's history of being "somewhat inconsistent" with his individual therapy with Dr. Smith.  R. 21-22.

Plaintiff asserts the ALJ failed to "set forth any explanation for discounting Plaintiff's alleged symptoms."  ECF No. 17 at 15.  However, as set forth above, the ALJ provided numerous reasons, supported by the record, for finding Plaintiff's symptoms were not as severe or functionally limiting as he alleged.  The ALJ thus linked her consistency findings to the evidence and provided clear and specific reasons for her determination in compliance with the directives of *Cowan* and SSR 16-3p.

Relying on *McGoffin v. Barnhart,* 288 F.3d 1248, 1254 (10th Cir. 2002), Plaintiff further asserts the ALJ failed to specify which subjective allegations she rejected as inconsistent with the evidence.  In *McGoffin,* the ALJ found the claimant "not credible to the extent that her testimony conflicted with his determination that her mental illness alone was not disabling."  *Id.*  The court held the ALJ failed to "explain and support with substantial evidence which [portions] of [the claimant's] testimony he did not believe and why."  *McGoffin,* 288 F.3d at 1254.  Unlike the ALJ in *McGoffin*, the ALJ in this case reached her conclusion regarding Plaintiff's alleged symptoms by summarizing his hearing testimony and discussing the discrepancies between such testimony and other specific evidence in the record.  R. 19-22.  Furthermore, the Court can discern what

subjective allegations the ALJ rejected as inconsistent with the evidence of record. After comparing Plaintiff's testimony with the other evidence of record, the ALJ assessed an RFC that included skill, concentration, social, adaptation, stress, and pace limitations. R. 18. Thus, it is clear the ALJ rejected Plaintiff's alleged inability to maintain a schedule and focus but accepted his alleged difficulty working around others. *See, e.g., McDonald v. Astrue,* 492 F. App'x 875, 885 (10th Cir. 2012) (rejecting claimant's argument that it was impossible to know what portions of her testimony were or were not credible, where the ALJ summarized claimant's hearing testimony, characterized it as describing extreme limitations, and included only moderate limitations in the RFC).

## V.     Conclusion

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **AFFIRMED.**

**SO ORDERED** this 8th day of September, 2022.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**